UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**Roberto HERNANDEZ-Hernandez,**<br><br>Defendant | Magistrate Docket No. **'08 MJ 0658**<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **March 2, 2008** within the Southern District of California, defendant, **Roberto HERNANDEZ-Hernandez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **4th** DAY OF **MARCH 2008.**

Cathy A. Bencivengo
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Roberto HERNANDEZ-Hernandez

## PROBABLE CAUSE STATEMENT

On March 2, 2008, Border Patrol Agent C. Wallace was assigned to patrol duties near Jamul, California. This area is located approximately eight miles east of the Otay Mesa, California Port of Entry and approximately four miles north of the United States/Mexico International boundary. At approximately 10:15 p.m., Border Patrol Agent W. Pinkston who was working an infrared scope in the area notified Agent Wallace of a group of ten individuals walking northbound in an area known as the "Pole Line Draw." Agent Wallace responded to the area and encountered the group, as it was scattering. Agent Wallace was able to catch up to seven individuals. Agent Wallace identified himself as a United States Border Patrol Agent and then questioned each of the seven individuals individually as to their country of citizenship. All seven individuals, including one later identified as defendant **Roberto HERNANDEZ-Hernandez**, freely admitted to being citizens and nationals of Mexico not in possession of any immigration documents that would allow them to enter into or remain in the United States legally. At 10:40 PM, all seven individuals including the defendant were arrested and transported to the United States Border Patrol's Brown Field Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **January 26, 2005** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant further admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally.